UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEC FINANCIAL SERVICES, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>UTOPIC HEALTH PLLC d/b/a SOSA MEDICAL AESTHETICS and JOHN SOSA a/k/a JOHN PAUL JOSEPH SOSA, individually,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 24-CV-2830 |

*For the Plaintiff*:
MICHAEL F.J. ROMANO
Romano, Garubo & Argentieri
52 Newton Avenue, P.O. Box 456
Woodbury, NJ 08096

**BLOCK, Senior District Judge:**

On November 21, 2024, Magistrate Judge Anne Shields issued a Report and Recommendation ("R&R") recommending the Court grant the motion for default judgment of NEC Financial Services, LLC ("NEC" or "Plaintiff") against Utopic Health PLLC d/b/a Sosa Medical Aesthetics ("Utopic") and John Sosa ("Sosa") (together, "Defendants"). ECF No. 11.

In her R&R, Magistrate Judge Shields recommended for reasons stated on the record at a hearing that the Court grant the motion and enter judgment in the amount of $83,662.81, plus attorney's fees, costs, and post-judgment interest. A

1

copy of the R&R was served on Defendants on November 22, 2024. *See* ECF No. 19.

In her R&R, Magistrate Judge Shields gave the parties fourteen days to file objections, and warned that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." *Id.* No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). To accept an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (cleaned up). No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without *de novo* review.

Subsequent to the R&R, Plaintiff made an application for attorney's fees to the Court specifying the hours its attorneys spent on this action. *See* ECF No. 20. This application explained that two attorneys and a paralegal spent a total of 49.1 hours on NEC's behalf in this case. *See id.* NEC has requested attorney's fees for

2

these hours worked at the rate of $275 per hour for the attorneys and $115 per hour for the paralegal, amounting to $12,101.50 in fees, plus $1,004.23 in expenses. Having carefully reviewed Plaintiff's documentation of its attorneys' hours worked, and fees charged, the Court finds these fees and hours to be reasonable.[1] Plaintiff's application for attorney's fees and costs is consequently granted.

Therefore, Defendants are ordered to pay to NEC: $83,662,81 in damages; $12,101.50 in attorney's fees; and $1,004.23 in expenses.

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 5, 2024

---

[1] These rates are well below the recently updated forum rates of $450–650 for partners and $100–150 for paralegals. *See Rubin v. HSBC Bank USA, NA*, --- F. Supp. 3d ---, 2025 WL 248253, at *6 (E.D.N.Y. Jan. 21, 2025).